IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 06-cv-01768-LTB-CBS

RENE GARCIA and
SOFIA GARCIA,

      Plaintiffs

v.

MASTER FINANCIAL GROUP, INC.,
RANDI FLORES,
APPLEWOOD FINANCE CORPORATION,
FIRST CHOICE TITLE, LLC, a Colorado limited liability company, and
COUNTRYWIDE HOME LOANS, INC.,

      Defendants.
_____

ORDER
_____

This case is before me on Defendant Countrywide Home Loans, Inc.'s ("Countrywide") Motion to Dismiss or for Summary Judgment and Plaintiffs' Confession of Countrywide's Motion. After consideration of the motion, related pleadings, and the case file, I grant the motion as follows.

**I. Background**

At issue in this case is the refinancing of a mortgage of Plaintiffs' residence in September of 2005 that resulted in two new mortgage loans. Countrywide is the assignee of one these loans in the principal amount of $196,000 (the "Loan). Plaintiffs' Complaint asserts seven claims for relief and requests, among other things, rescission of the Loan.

On October 3, 2006, Countrywide filed its Motion to Dismiss or for Summary Judgment, whereby it seeks the dismissal of Plaintiffs' Sixth and Seventh Claims for Relief. Plaintiffs' Sixth Claim for Relief seeks rescission of the Loan pursuant to C.R.S. § 5-5-203, and Plaintiffs' Seventh Claim for Relief seeks rescission of the Loan pursuant to the Truth in Lending Act ("TILA"), 16 U.S.C. § 1601, *et seq.*, and Regulation Z thereunder, 12 C.F.R. § 226, *et seq.* Countrywide asserts that these are the only claims in Plaintiffs' Complaint that affect it.

Plaintiffs filed a confession in response to Countrywide's motion wherein they consented to the dismissal of their Seventh Claim for Relief without prejudice as it relates to Countrywide. Contemporaneously with the filing of this pleading, Plaintiffs filed a Motion to Remand on the basis that this Court would lack jurisdiction over Plaintiffs' claims following the dismissal of their TILA claim. The merits of Plaintiffs' Motion to Remand have been addressed in a separate order.

Countrywide responded to Plaintiffs' confession of its motion by asserting that this confession amounted to an admission of a number of matters set forth in the motion including the fact that Plaintiffs had no right to rescind the Loan under TILA. As a result, Countrywide argues that Plaintiffs have also confessed their Sixth Claim for Relief as a matter of law since C.R.S. § 5-5-203 authorizes rescission "as provided in [TILA] and regulations thereunder." Countrywide further argues that it is entitled to be dismissed from the case and to have final judgment entered in its favor pursuant to Fed. R. Civ. P. 54(b).

## II. Analysis

Although Plaintiffs generally deny that their confession of their Seventh Claim for Relief also constitutes a confession of their Sixth Claim for Relief, they have failed to articulate how this result does not necessarily follow in view of the substance of these claims. Plaintiff's Sixth Claim

for Relief is predicated on a Colorado statute that essentially incorporates the prerequisites for rescission under TILA.  As such, Plaintiffs cannot confess Countrywide's motion with its chief argument that Plaintiffs are not entitled to rescission under TILA without also confessing the merits of their Sixth Claim for Relief predicated on C.R.S. § 5-5-203.  Accordingly, Countrywide is entitled to the dismissal of both Plaintiffs' Sixth and Seventh Claims for Relief as a result of Plaintiffs' confession of this latter claim.  Although Plaintiffs have requested that the dismissal be without prejudice, I fail to see any reason why Countrywide should be subjected to these same claims at some future date.  The dismissal of Plaintiffs' Sixth and Seventh Claims for Relief shall therefore be with prejudice.

It does not follow, however, that Countrywide is also entitled to de dismissed from this case and to have final judgment entered in its favor.  Apart from their Sixth and Seventh Claims for Relief, Plaintiffs are also seeking the rescission of the Loan under other theories of recovery, including fraud.  As the current holder of the Loan, Countrywide's interests are therefore affected by these other claims even if it was not directly involved in the dealings from which they arose.  Although Countrywide argues that Plaintiffs also confessed its assertion that  it is only affected by the Sixth and Seventh Claims for Relief, I decline to extend the preclusive effect of Plaintiffs' confession of the motion to this tangential issue.

IT IS THEREFORE ORDERED as follows:

1. Defendants' Motion to Dismiss or for Summary Judgment [Doc # 12] is hereby GRANTED; and

2. Plaintiffs' Sixth and Seventh Claims for Relief are hereby DISMISSED WITH PREJUDICE as these claims relate to Defendant Countrywide Home Loans, Inc.

Dated: December  1 , 2006 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE