IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 06-cv-01768-LTB-CBS

RENE GARCIA and
SOFIA GARCIA,

      Plaintiffs

v.

MASTER FINANCIAL GROUP, INC.,
RANDI FLORES,
APPLEWOOD FINANCE CORPORATION,
FIRST CHOICE TITLE, LLC, a Colorado limited liability company, and
COUNTRYWIDE HOME LOANS, INC.,

      Defendants.
_____

ORDER
_____

      This case is before me on Plaintiffs' Motion for Remand. After consideration of the motion, related pleadings, and the case file, I grant the motion as set forth below.

**I. Background**

      Plaintiffs commenced this case alleging fraud in the refinancing of a mortgage on their residence in Arapahoe County District Court on August 9, 2006. Plaintiffs' Complaint asserts seven claims for relief against the various Defendants: (1) theft; (2) violation of the Colorado Deceptive Trade Practices Act; (3) fraud; (4) violation of the Colorado Consumer Credit Act; (5) violation of the disclosure requirements set forth in C.R.S. § 5-3-101; (6) rescission pursuant to C.R.S. § 5-5-203; and (7) rescission pursuant to the Truth in Lending Act ("TILA") and Regulation Z thereunder.

On September 6, 2006, Defendant Countrywide Home Loans, Inc. ("Countrywide") removed the case to this Court on the basis of Plaintiffs' TILA claim. Shortly thereafter, Countrywide filed a motion seeking the dismissal of this claim, as well as Plaintiff's claim for rescission pursuant to C.R.S. § 5-5-203. Plaintiffs confessed Countrywide's motion, and I have issued a separate Order dismissing these claims. Accordingly, the TILA claim that formed the initial basis for this Court's jurisdiction is no longer an issue as to Countrywide, the removing party. Plaintiffs now seek to remand this case back to the Arapahoe County District Court.

## II. Analysis

In response to Plaintiffs' motion to remand, Countrywide points out a few erroneous legal assumptions underlying the same. Most notably, Countrywide points out that this Court may retain jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367. Nonetheless, Countrywide further takes the position that it does not object to the remand of this case provided that this Court first dismisses Plaintiffs' Sixth and Seventh Claims for Relief with prejudice. As noted above, I have done just that via a separate Order though I did not grant Countrywide's additional request that I dismiss it from the case and enter final judgment in its favor pursuant to Fed. R. Civ. P. 54(b). In any event, in view of Countrywide's position on remand, the nature of Plaintiffs' remaining claims, the actions of the other Defendants, and the early stage of these proceedings, I conclude that there is no basis for this Court to retain jurisdiction over this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand [Doc # 14] is GRANTED.

Dated: December  1 , 2006 in Denver, Colorado.

                                                    BY THE COURT:

                                          s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, CHIEF JUDGE